# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ST. MARY'S HOSPITAL )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL O. LEAVITT, )<br>Secretary of Health and Human Services, )<br>)<br>Defendant. )<br>) | Case No. 1:06CV02083 (GK) |

## DEFENDANT'S ANSWER

Defendant Michael O. Leavitt, the Secretary of Health and Human Services ("the Secretary"), by and through his undersigned counsel, answers Plaintiff St. Mary's Hospital ("St. Mary's")'s Original Complaint ("Complaint") as follows:

### FIRST DEFENSE

Using the same numbered paragraphs as the Complaint, Defendant answers the numbered paragraphs of the Complaint as follows:

1. This paragraph contains Plaintiff's characterization of this action and of Title XVIII of the Social Security Act, as amended, 42 U.S.C. § 1395 et. seq., 42 U.S.C. § 1395oo(f), 42 C.F.R. §§ 405.1801 et. seq., 5 U.S.C. § 551 et. seq., 5 U.S.C. § 701 et. seq., and the United States Constitution, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents.

2-3. These paragraphs contain conclusions of law and Plaintiff's characterizations of 42 U.S.C. § 1395oo(f), not allegations of fact, to which no response is required. The Secretary

denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

    4. Denies the first sentence of this paragraph, except to admit that St. Mary's (provider number 07-0016) is a not-for-profit entity which participated in the Medicare program and accordingly was subject to the Provider Reimbursement Review Board ("PRRB")'s orders and instructions, as well as the reimbursement rules and restrictions which are set forth in the Medicare statute, the Secretary's implementing regulations, and manual provisions. The second sentence contains a conclusion of law, not allegations of fact, to which no response is required. Admits the third sentence. The fourth sentence contains Plaintiff's characterization of this action, to which no response is required.

    5. Denies this paragraph, except to admit that the Secretary, Michael O. Leavitt, is responsible for the administration of the Medicare program, and that he has delegated considerable authority for the administration of the Medicare program to the Administrator of the Centers for Medicare and Medicaid Services ("CMS") (formerly the Health Care Financing Administration ("HCFA")).

    6. Admits.

    7. Denies this paragraph, except to admit that, on or about June 2, 2006, St. Mary's submitted an appeal request to the Provider Reimbursement Review Board ("PRRB") concerning a December 6, 2005 Revised Notice of Program Reimbursement for St. Mary's fiscal year ending September 30, 1995. Plaintiff's assertion that its appeal was "timely" is a conclusion of law, not an allegation of fact, to which no response is required.

8.  This paragraph contains Plaintiff's characterization of St. Mary's June 2, 2006 letter to the PRRB, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the letter, which speaks for itself, and respectfully refers the Court to the text of the letter, for a full and accurate statement of its contents. (See Certified Administrative Record ("A.R.") 47-55).

9.  This paragraph contains Plaintiff's characterization of the PRRB's June 15, 2006 letter to St. Mary's, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the letter, which speaks for itself, and respectfully refers the Court to the text of the letter, for a full and accurate statement of its contents. (See A.R. 45-46).

10.  The first sentence of this paragraph contains conclusions of law, not allegations of fact, to which no response is required. The second sentence contains Plaintiff's characterization of the PRRB's Instructions, not allegations of fact, to which no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

11.  This paragraph contains Plaintiff's characterization of the PRRB's Instructions, not allegations of fact, to which no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

12.  Denies.

13.  Defendant lacks knowledge or information sufficient to allow him to admit or deny the allegation in this paragraph and, on that basis, he denies it.

14. This paragraph contains Plaintiff's characterization of the PRRB's October 19, 2006 decision, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited decision, which speaks for itself, and respectfully refers the Court to the cited decision for a complete and accurate statement of its contents (See A.R. 44).

15. Denies this paragraph, except to admit that in its Acknowledgment letter of June 15, 2006, the Board established that the parties Final Position Papers were due to be filed by February 1, 2007.

16. Denies.

17. This paragraph contains an excerpt from and Plaintiff's characterizations of the PRRB's Instructions, not allegations of fact, to which no response is required. The Secretary admits that the excerpt is accurate, but denies any characterizations of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents. The Secretary however admits that the PRRB's Instructions were not promulgated via notice and comment rulemaking procedures.

18. Denies, except to admit that the Plaintiff submitted a Motion to Reinstate Appeal, including Final Position Paper, on December 1, 2006 and avers that the PRRB responded to St. Mary's Motion to Reinstate by letter dated February 16, 2007 in which Plaintiff's request for reinstatement was denied. The Secretary respectfully refers the Court to the cited decision for a complete and accurate statement of its contents (See A.R. 1-3). This remainder of this paragraph contains Plaintiff's characterization of this action and of 42 U.S.C. § 1395oo(f), not allegations of fact, and no response is required to these characterizations. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court

to the cited provision for a complete and accurate statement of its contents.

19. This paragraph contains Plaintiff's characterization of this action and of 42 U.S.C. § 1395oo(f), not allegations of fact, and no response is required to these characterizations. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

20. The Secretary hereby incorporates by reference Defendant's answers to paragraphs 1 through 19 of the Complaint, as if each answer were set forth in full.

21-26. Denies.

The remaining portions of the Complaint contain Plaintiff's prayer for relief, to which no response is required. To the extent that a response is deemed necessary, the Secretary denies the allegations contained in the remaining portions of the Complaint.

Except to the extent expressly admitted or qualified above, the Secretary denies each and every allegation of Plaintiff's Complaint.

The Secretary respectfully requests the Court to enter judgment dismissing the Complaint, with prejudice, affirming the validity of the challenged agency action, and awarding Defendant costs and such other relief as the Court may deem appropriate.

The Secretary will file herewith a certified copy of the record of the administrative proceedings in this case.

Respectfully submitted,

_____/ s /_____
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

_____/ s /_____
MEGAN L. ROSE
Assistant United States Attorney
N.C. Bar No. 28639
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7220/FAX: (202) 514-8780

TRACEY GLOVER
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare and Medicaid Services Division
330 Independence Ave., S.W.
Cohen Building, Room 5309
Washington, D.C. 20201
(202) 205-8705/FAX: (202) 401-1405

Counsel for the Secretary